UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HARVEEN D.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 8:19-cv-01295-JDE <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Harveen D. ("Plaintiff") filed a Complaint on June 28, 2019, seeking review of a partial denial of her application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on April 1, 2020. The matter is now ready for decision.

---

[1] Plaintiff's name has been partially redacted under Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Complaint did not name the Commissioner. See Dkt. No. 1. On June 17, 2019, Andrew M. Saul became the Commissioner. Thus, he is automatically substituted as the defendant under Fed. R. Civ. P. 25(d).

# I.

# BACKGROUND

Plaintiff protectively filed her application for DIB on September 19, 2015, alleging disability commencing on May 15, 2015. AR 26, 44, 138-44. On July 10, 2018, after her application was denied (AR 65-66), Plaintiff, represented by counsel, provided brief testimony before an Administrative Law Judge ("ALJ"), as did a vocational expert ("VE"). AR 42-52.

On July 30, 2018, the ALJ found Plaintiff was disabled for a closed period from May 15, 2015 to October 31, 2016, but not thereafter.[3] AR 25-35. The ALJ found Plaintiff met the insured status requirements of the Social Security Act ("SSA") through June 30, 2017. AR 28. The ALJ found Plaintiff had not engaged in substantial gainful activity since May 15, 2015, the date she became disabled. AR 28. The ALJ found that from May 15, 2015 through October 31, 2016, Plaintiff had the severe impairments of "degenerative disk disease of the cervical and lumbar spine, status-post discectomy and fusion of the lumber spine in September 2011, [and] epilepsy with two seizures in May and June 2015[.]" AR 29. The ALJ also found that from May 15, 2015 through October 31, 2016, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment and had the residual functional capacity ("RFC") to perform sedentary work:[4]

---

[3] During the hearing, counsel informed the ALJ that Plaintiff had previously been found disabled from 1997-2008 for her spinal issues. AR 44.

[4] "Sedentary work" is: "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." See 20 C.F.R. § 404.1567(a); see also Marvin C. v. Berryhill, 2019 WL 1615239, at *3 (W.D. Wash. Apr. 16, 2019).

> [Plaintiff] was able to lift 10 pounds occasionally and less than 10 pounds frequently; and stand and walk for 2 hours out of an 8-hour day[,] sit for 6 hours out of an 8-hour day[,] but neither no more than 20 minutes at a time and head and neck precluded from movement to extremes of range of motion and no fixed position for more than a few minutes. [She] had to be in a comfortable position. Due to recent seizures, she was unable to work at heights or around dangerous machinery.

AR 30. The ALJ also found, considering Plaintiff as an individual closely approaching advanced age, along with her education, work experience, and RFC, there were no occupations she could perform with jobs existing in significant numbers in the national economy. AR 32. Thus, the ALJ found Plaintiff was under a "disability," as defined in the SSA, from May 15, 2015 through October 31, 2016. AR 32.

Next, the ALJ found Plaintiff did not have any new impairment since November 1, 2016, and her current severe impairments were the same as from May 15, 2015 through October 31, 2016. AR 32. Further, beginning November 1, 2016, Plaintiff had not had an impairment or combination of impairments that met or medically equaled a listed impairment. AR 32.

The ALJ then found that a medical improvement occurred related to the ability work on November 1, 2016 resulting in an increase in RFC, explaining, "[a]fter November 1, 2016 there is little evidence of breakthrough seizures. In addition, her pain was under better control." AR 33. The ALJ concluded that beginning November 1, 2016, Plaintiff had the RFC to perform a full range of light work[5] and could perform her past relevant work as a real estate agent. AR

---

[5] "Light work" is defined as:
lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking

33-34. Thus, the ALJ concluded Plaintiff's disability ended on November 1, 2016, and she had not become disabled again since that date. AR 34.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the agency's final decision. AR 2-6.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104,

---

or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
20 C.F.R. § 404.1567(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

### B. Standard for Determining Disability Benefits

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Ford v. Saul, 950 F.3d 1141, 1148-48 (9th Cir. 2020); Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. § 404.1520(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at each of steps one through four to show she is disabled, or she meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show she is disabled. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110; However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

**C. Continuing Disability Determination**

"If a claimant was previously found to be disabled, the ALJ must determine whether the claimant's disability continues through the date of the decision." Toves v. Saul, 2020 WL 2062195, at *1 (S.D. Cal. Apr. 29, 2020). An ALJ follows an eight-step sequential evaluation process to assess whether a recipient continues to be disabled for DIB. 20 C.F.R. § 404.1594; see also Nathan v. Colvin, 551 F. App'x 404, 407 (9th Cir. 2014); Held v. Colvin, 82 F. Supp. 3d 1033, 1037 (N.D. Cal. 2015).

In the first step, the Commissioner must determine whether the recipient is currently engaged in substantial gainful activity; if so, she is no longer disabled. § 404.1594(f)(1); see also McCalmon v. Astrue, 319 F. App'x 658, 659 (9th Cir. 2009).

If the recipient is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether she has an impairment or combination of impairments that meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, she continues to be disabled. § 404.1594(f)(2).

If the recipient's impairment or combination of impairments does not meet or equal an impairment in the Listing, the third step requires the Commissioner to determine whether medical improvement has occurred.[6] § 404.1594(f)(3). If so, the analysis proceeds to step four; if not, it proceeds to step five. Id.

If medical improvement has occurred, the fourth step requires the Commissioner to determine whether the improvement is related to her ability to work — that is, whether there has been an increase in the recipient's [RFC] [footnote omitted] from the most recent favorable medical decision. § 404.1594(f)(4). If medical improvement is not related to the recipient's ability to work, the analysis proceeds to step five; if it is, it proceeds to step six. Id.

If medical improvement has not occurred or if it is not related to the recipient's ability to work, the fifth step requires the Commissioner to determine whether an exception applies. § 404.1594(f)(5). Under the first group of exceptions, the Commissioner can find a recipient no longer disabled even though she has not medically improved if she is able to engage in substantial gainful activity; if one of those exceptions applies, the analysis proceeds to step six. § 404.1594(d). Under the second group of exceptions, the Commissioner can find a recipient no longer disabled without determining medical improvement or an ability to engage in substantial gainful activity; if one of those exceptions

---

[6] Medical improvement is "any decrease in the medical severity of [a recipient's] impairment(s) which was present at the time of the most recent favorable medical decision that [the recipient was] disabled or continued to be disabled." § 404.1594(b)(1). "A determination that there has been a decrease in medical severity" must be based on "improvement[ ] in the symptoms, signs, and/or laboratory findings associated with [a recipient's] impairment(s)." Id.

7

applies, the recipient is no longer disabled. § 404.1594(e). If none of the exceptions apply, the recipient continues to be disabled. § 404.1594(f)(5).

The sixth step requires the Commissioner to determine whether all the recipient's current impairments in combination are "severe," which means that they significantly limit her ability to do basic work activities; if not, she is no longer disabled. § 404.1594(f)(6).

If the recipient's current impairments in combination are severe, the seventh step requires the Commissioner to determine whether she has sufficient RFC, "based on all [her] current impairments," to perform her past relevant work; if so, she is no longer disabled. § 404.1594(f)(7).

If the recipient is unable to do her past work, the eighth and final step requires the Commissioner to determine, using the RFC assessed in step seven, whether she can perform any other substantial gainful work; if so, she is no longer disabled. § 404.1594(f)(8). If not, she continues to be disabled. Id.

Laura G. v. Berryhill, 357 F. Supp. 3d 1023, 1026-27 (C.D. Cal. 2019).

## III.

## DISCUSSION

The parties present six disputed issues, reordered as:

Issue No. 1:  Did the ALJ properly consider the treating-physician opinions of Dr. John Sakaria.

Issue No. 2: Did the ALJ properly consider the treating physician opinions of Dr. Seven Long and Dr. Kenneth Martinez;

Issue No. 3: Did the ALJ properly consider Plaintiff's subjective allegations regarding her pain and limitations;

Issue No. 4: Does new evidence supports a remand;

Issue No. 5: Did the ALJ provide Plaintiff an opportunity to be heard; and

Issue No. 6: Whether the ALJ properly considered a third-party statement.

Jt. Stip. at 2-3.

A. **Consideration of Physicians' Opinions (Issue Nos. 1 and 2).**

In Issue No. 1, Plaintiff contends the ALJ failed to address an opinion of treating physician Dr. Sakaria and gave improper reasons for discounting a different opinion from Dr. Sakaria. Jt. Stip. at 15-16, 19-20. In Issue No. 2, Plaintiff contends that the ALJ erred in his assessment of the treating-physician opinions from Dr. Long and Dr. Martinez. Jt. Stip. at 20-21, 23-24.

    1. Applicable Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. Lester, 81 F.3d at 830.

When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." See Ford, 950 F.3d at 1154. Where such an opinion is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Id.; see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The weight

accorded to a physician's opinion depends on whether it is accompanied by adequate explanation, the nature and extent of the treatment relationship, and consistency with the record as a whole, among other things. 20 C.F.R. § 404.1527(c).

### 2. Analysis

#### i. Opinions of Dr. Sakaria

On June 18, 2018, Dr. Sakaria completed a "Medical Assessment of Ability to do Work-Related Activities." AR 712. He opined that Plaintiff could lift/carry 10 pounds, could sit and walk for 30 minutes without interruption, could stand for only 15 minutes without interruption., and could sit and stand/walk for a total of two hours in an eight-hour workday. Id. He checked a box indicating Plaintiff's use of her upper extremities was affected, and noted that her right hand was limited to only occasional reaching. Id. He stated that his assessment was supported by Plaintiff's degenerative disc disease, lower-back pain, and cervical disc disease, and based on magnetic resonance imaging ("MRI"). Id. He concluded Plaintiff was likely to be absent from work about twice a month as a result of her impairments or treatment. Id.

Having carefully reviewed the record, the Court agrees with Plaintiff that the ALJ erred by failing to provide any discussion of Dr. Sakaria's June 2018 opinion. The limitations outlined by Dr. Sakaria are significant—including restricting Plaintiff's lifting, carrying, sitting, walking, and standing—and they conflict with the ALJ's assessed RFC of a full range of light work. Compare AR 33 & 20 C.F.R. § 404.1567(b) with AR 712. Although an ALJ need not discuss everything in the medical record, an ALJ must discuss significant and probative evidence that is contrary to the ALJ's findings and explain why it has been rejected. See Robbins, 466 F.3d at 883; Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected); Brown-Hunter, 806 F.3d at 492

(federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); Alvarez v. Astrue, 2012 WL 282110, at *3 (C.D. Cal. Jan. 26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted."). The failure to discuss or even mention the limitations, let along provide any reason for discounting them, was error

Defendant's justification that the opinion is "simply irrelevant" because it was dated almost a year after Plaintiff's date last insured does not alter the Court's conclusion here because the ALJ did not provide that basis for his refusal to consider the evidence. Jt. Stip. at 17. Because the ALJ ignored the opinion entirely, the Court cannot rely on that reasoning to discount the opinion. See Garrison, 759 F.3d at 1010 (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." (citation omitted)). Moreover, Defendant's claim that any error was harmless (see Jt. Stip. 18) fails as Dr. Sakaria's opinion referred to symptoms that existed during the relevant period and for which the ALJ had determined were severe and disabling during the closed period, and continued to be her current severe impairments. See AR 29, 32; Svaldi v. Berryhill, 720 F. App'x 342, 344 (9th Cir. 2017) (holding that "retrospective" opinions that "refer back to the same chronic condition and symptoms" and "do not indicate that there was any decline" in a medical condition over time are not undercut because they were issued "significantly after" a claimant's date last insured); Lester, 81 F.3d at 832 ("This court has specifically held that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." (internal quotation marks and citation

omitted)); Chavez v. Saul, 2019 WL 4747698, at *4 (E.D. Cal. Sept. 30, 2019) (fact that doctor rendered opinion two years after claimant's date last insured did not justify rejection of it because the opinion was based on impairments that existed prior to the date last insured).

Plaintiff also challenges the ALJ's assessment of Dr. Sakaria's "Request for ADAAA Accommodation – MD" dated May 17, 2018. Jt. Stip. at 16, 18-19; AR 34, 696-97. The Commissioner does not attempt to defend any of the reasons stated by the ALJ in assessing the opinion (Jt. Stip. 17-18), instead arguing only that the opinion also is past the date last insured. See Kinley v. Astrue, 2013 WL 494122, at *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response."). As that reason was insufficient to discount the June 2018 opinion, it is also insufficient to discount the May 2018 opinion. See Svaldi, 720 F. App'x at 344; Lester, 81 F.3d at 832; Chavez, 2019 WL 4747698 at *4.

ii.     Opinions of Dr. Long and Dr. Martinez

On May 6, 2016, Dr. Long completed a "Medical Assessment of Ability to Do Work-Related Activities (Neurological)" opining Plaintiff was restricted to a limited range of sedentary work. AR 547-51. On May 13, 2016, Dr. Martinez completed a similar opinion. AR 613-17.

Without discussion or citation to either Dr. Long's or Dr. Martinez's opinions, the ALJ states he gave Plaintiff's "treating sources opinions regarding sedentary limitation some weight for her functioning prior to November 1, 2016, as they are somewhat consistent with the body of evidence." AR 31 (emphasis added). Later, again without discussion or citation to the opinions, he states he gave "little weight to the opinions of the treating source made before November 1, 2016 as her condition improved after that time." AR 34

(emphasis added). Neither of these catch-all statements, without further specificity, is sufficient for review. See Brown-Hunter, 806 F.3d at 492; Blakes v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). As the ALJ does not identify the opinions, and refers to them variously in the singular and plural, it is impossible to determine what reasoning applies to which opinion. Although the Commissioner claims that the ALJ did not actually reject the opinions (Jt. Stip. at 21), by assigning "some" and "little" weight, he necessarily rejected aspects of those opinions. It is unclear which aspect of which opinion was discounted, and why. The ALJ erred in the discounting of these opinions without further explanation and the Court cannot find such error harmless here.

As a result, the Court finds the ALJ failed to provide legally sufficient reasons for discounting the opinions of treating physicians set forth above, and such error was not harmless.

**B.     Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where further proceedings would serve no useful purpose or where the record has been fully developed, a court may direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the claimant is disabled. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, the Court concludes remand for further proceedings is warranted. Plaintiff contends that Doctor Sakaria's opinions essentially limit her to part-time work, which conflicts with the ALJ's finding that Plaintiff can engage in full-time light work, making the error not harmless and entitling her to benefits. Jt. Stip. 16, 20, 35. Plaintiff contends that reversal related to the other opinions likewise should result in a disability finding. Id. at 23, 35. However, on this record it is not entirely clear whether Plaintiff was actually disabled through the date of the decision. See Bunnell, 336 F.3d at 1115-16. Indeed, the ALJ found Plaintiff worked at various points from 2015 through 2017, albeit not at a substantially gainful level. AR 28-29, 33-34. Moreover, the assessment of the medical evidence affects other issues raised in the Joint Stipulation, and remand will provide Plaintiff a further opportunity to be heard (Jt. Stip. at 28-29, 31-32), and may permit Plaintiff to present the new evidence that was provided to the Appeals Council but not previously before the ALJ (see Jt. Stip. 24-26, 28-29). See Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); see also Vaughn v. Berryhill, 242 F. Supp. 3d 998, 1010 (E.D. Cal. 2017) (dispensing of exhaustive analysis of plaintiff's remaining issues because "[t]he ALJ's . . . evaluations of [p]laintiff's [testimony], and his consideration of [p]laintiff's wife['s] testimony are inescapably linked to conclusions regarding the medical evidence"); Alderman v. Colvin, 2015 WL 12661933, at *8 (E.D. Wash. Jan. 14, 2015) (remanding in light of interrelated nature of ALJ's decision to discount claimant's testimony and give appropriate consideration to physician's opinions, step-two findings, and step-five analysis). Because it is unclear, considering these issues, whether Plaintiff was in fact disabled, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495;

Bunnell, 336 F.3d at 1115-16. The parties may freely take up all issues raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

Accordingly, on remand, the ALJ shall assess the overlooked treating-physician opinion and reassess the other treating-physician opinions in conjunction with Plaintiff's subjective complaints and the third-party statement, reassess Plaintiff's RFC if appropriate, and proceed through the remaining steps of the disability analysis if warranted to determine whether Plaintiff could still perform her past work, or what other jobs if any, Plaintiff was capable of performing that existed in significant numbers.

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: May 05, 2020

_____
JOHN D. EARLY
United States Magistrate Judge